UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOEY W. JOHNSON | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-378 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Joey W. Johnson has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Johnson was born in 1975 and was 28 years old at the time of his administrative hearing. [Tr. 34]. He graduated high school and has relevant past work experience as a caulker and material handler. [Tr. 15, 34]. Mr. Johnson alleges he is disabled as of June 11, 2002, from the replacement of his left hip and back, leg, and ankle pain. [Tr. 15]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Johnson was not disabled as defined by the Social Security Act. [Tr. 19].

At Mr. Johnson's administrative hearing held on June 22, 2004, his testimony was received into evidence. [Tr. 34-48]. He testified his last jobs were as a caulker of windows and a material handler at a table factory. [Tr. 34-36]. Mr. Johnson testified he became unable to work when he fell off a ladder at work and fractured his hip. [Tr. 36, 38]. He continues to have low back pain, hip pain, and numbness from the fall. [Tr. 37, 39]. Mr. Johnson testified that he has had surgery on his right hand for carpal tunnel syndrome and is waiting for surgery on the left. [Tr. 41]. He has also had surgery on his ankle following a car accident and still experiences pain and numbness from that. [Tr. 42-43].

The ALJ ruled that Mr. Johnson was not disabled because his severe impairments of low back, hip, and ankle pain were not severe enough for a finding of disability. [Tr. 19]. The ALJ then found that Mr. Johnson retained the residual functional capacity [RFC] to perform medium exertion work not involving ladders. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not

2

subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Johnson requests a judgment on the pleadings and challenges the ALJ's finding that he could perform a full range of medium work. Medium work involves no more than the occasional lifting/carrying of 50 pounds and the frequent lifting/carrying of 25 pounds. [Tr. 20]. The ALJ noted that following Mr. Johnson's fall from a ladder, his physician released him to return to light work with no heavy lifting or at-risk climbing. [Tr. 17]. However, an RFC report ordered by the physician found that Mr. Johnson could perform medium work duty with only a five percent whole person permanent physical impairment from his ladder injury. [Tr. 18]. A June 2003 RFC assessment performed by a state agency physician also found that Mr. Johnson could perform medium work. [*Id.*]. In addition, the ALJ found that Mr. Johnson's own report of activities indicated he was not significantly restricted. [Tr. 19]. Based on the foregoing, the ALJ's finding that Mr. Johnson could perform medium work was made with substantial evidence.

Mr. Johnson also argues the ALJ erred in discounting the medical opinion of

3

his treating physician, Dr. John Short. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527(d)(2).

Dr. Short indicated in June 2004 that Mr. Johnson could lift/carry 20 pounds and stand/walk/sit for four to six hours out of an eight-hour workday. [Tr. 319]. He should never climb, but he could occasionally balance, stoop, crouch, and crawl, and could frequently kneel. [Tr. 320]. His abilities to handle, feel, and work near heights, temperature extremes, and vibrations were also limited. [*Id.*]. Mr. Johnson's obesity, carpal tunnel syndrome, and back pain were cited as reasons for the limitations. [Tr. 319-20]. The ALJ noted that Dr. Short's assessments and limitations appeared to be "based on subjective complaints" because there were "no medical records with objective findings and laboratory data to correlate" with the findings. [Tr. 18].

In addition, the ALJ found that Dr. Short's conclusions were inconsistent with the other evidence in the record, including a functional capacity evaluation and RFC assessment by a state agency medical consultant. [Tr. 18-19]. Dr. K. Shannon Tilley reviewed the medical evidence in June 2003 and found that Mr. Johnson could

4

perform medium exertional work with frequent climbing, balancing, stooping, kneeling, crouching, and crawling. [Tr. 261-62]. The doctor indicated he considered Mr. Johnson's pain in evaluating his RFC ability. [Tr. 265].

Because Dr. Short's conclusions were not supported by his own medical records or the medical records of other physicians, the ALJ's decision to discount the limitations he set for Mr. Johnson was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Mr. Johnson's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
  THOMAS GRAY HULL
   SENIOR U. S. DISTRICT JUDGE